# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**PHILLIP S. STENGER,**

       **Plaintiff,**

**v.**                                      **Case No:   6:17-mc-24-Orl-40KRS**

**DAVID K. FREEMAN,**

       **Defendant.**

## REPORT AND RECOMMENDATION
**(And Direction to Clerk of Court)**

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **PLAINTIFF'S AMENDED MOTION FOR FINAL JUDGMENT AGAINST GARNISHEE, BANK OF AMERICA, N.A. (Doc. No. 19)** |
| **FILED:** | **September 4, 2018** |

**I.   BACKGROUND.**

On December 1, 2015, the U.S. District Court for the Eastern District of Michigan entered an amended final judgment in favor of Plaintiff Phillip S. Stenger and against Defendant David K. Freeman in the amount of $1,500,000.  Doc. No. 1-1.  Plaintiff filed the Clerk's Certification of a Judgment to be Registered in Another District in this Court on June 6, 2017.  Doc. No. 1.

On April 15, 2018, Plaintiff filed a motion requesting that the Court issue a writ of garnishment against Bank of America, N.A. ("BOA").  Doc. No. 5.  The motion was granted, and the Clerk issued a writ of garnishment against BOA (the "BOA Writ") on April 17, 2018.  Doc.

Nos. 6, 7.  BOA was personally served with the BOA Writ on June 26, 2018.  Doc. No. 15, at 5-6.[1]  Plaintiff served Defendant with the BOA Writ (including the attached notice of Defendant's rights and the form by which Defendant could claim exemptions and request a hearing) and a copy of the motion for writ of garnishment via first class mail and certified mail directed to Defendant's last known address on June 27, 2018.  Doc. No. 10.  Defendant did not file a claim of exemption or request a hearing.

BOA filed its answer to the BOA Writ on July 3, 2018.  Doc. No. 11.  In its answer, it identified two accounts belonging to Defendant, David K. Freeman, that might be subject to garnishment.  The account ending in 6866 had two names on it: Geraldine G. Freeman and David K. Freeman.  *Id.*  On July 5, 2018, Plaintiff filed a notice informing Defendant of BOA's answer and notifying him that he must move to dissolve the BOA Writ within 20 days if any allegation in Plaintiff's Motion for Writ of Garnishment as to Bank of America was untrue.  Doc. No. 12.  The certificate of service reflected that the notice was served on Defendant, but not on Geraldine G. Freeman.  *Id.* at 2.

On July 5, 2018, BOA filed an amended answer, in which it revised the amounts that may be subject to garnishment.  Doc. No. 13, at 1-2.  The amended answer stated that BOA's original answer remained the same in all other respects.  *Id.* at 2.  On July 6, 2018, Plaintiff filed a notice informing Defendant of BOA's amended answer and notifying him that he must move to dissolve the BOA Writ within 20 days if any allegation in Plaintiff's Motion for Writ of Garnishment as to Bank of America was untrue.  Doc. No. 14.  The certificate of service reflected that the notice was served on Defendant, but not on Geraldine G. Freeman.  *Id.* at 2.

---

[1] Following a motion by Plaintiff, the Court appointed Investigative Process Services, Inc., as a special process server to serve the writ of garnishment.  Doc. Nos. 8, 9.

On August 2, 2018, Plaintiff filed a motion asking that the Court enter a final judgment against Bank of America and direct it to remit $4,637.79 to Plaintiff, representing the funds available for garnishment. Doc. No. 16. Florida Statutes § 77.055 provides:

> Within 5 days after service of the garnishee's answer on the plaintiff . . . , the plaintiff shall serve, by mail, the following documents: a copy of the garnishee's answer, and a notice advising the recipient that he or she must move to dissolve the writ of garnishment within 20 days after the date indicated on the certificate of service in the notice if any allegation in the plaintiff's motion for writ of garnishment is untrue. The plaintiff shall serve these documents on the defendant at the defendant's last known address and any other address disclosed by the garnishee's answer *and on any other person disclosed in the garnishee's answer to have any ownership interest in the deposit, account, or property controlled by the garnishee.* The plaintiff shall file in the proceeding a certificate of such service.

(emphasis added). BOA's answer suggested that Geraldine G. Freeman had an ownership interest in the account ending in 6866. Despite this, Plaintiff did not serve a copy of BOA's answer or amended answer on Ms. Freeman, and he did not send the statutorily required notice to Ms. Freeman. Thus, I denied Plaintiff's motion for final judgment without prejudice to it being refiled after notice was provided to Ms. Freeman. Doc. No. 17.

On August 8, 2018, Plaintiff filed a notice informing Defendant of BOA's answer and amended answer and notifying him that he must move to dissolve the BOA Writ within 20 days if any allegation in Plaintiff's Motion for Writ of Garnishment as to Bank of America was untrue. Doc. No. 18. The certificate of service reflected that the notice was served on Defendant, as well as Geraldine Freeman and the Estate of Geraldine Freeman at Ms. Freeman's last known address. *Id.* at 2.[2]

On September 4, 2018, Plaintiff filed an amended motion asking that the Court enter a final judgment against BOA and direct it to remit $4,637.79 to Plaintiff, representing the funds available

---

[2] Plaintiff's counsel represents that Plaintiff learned that Ms. Freeman passed away on June 1, 2018. Doc. No. 19, at 3 n.2.

for garnishment. Doc. No. 19. The certificate of service reflects that it was served on Defendant, Geraldine Freeman, and the Estate of Geraldine Freeman. *Id.* at 5. BOA's counsel of record also received notice of the motion when it was filed in CM/ECF.

On September 12, 2018, I issued a supplemental briefing order and required Plaintiff to submit evidence establishing the amount of the judgment that remains unpaid. Doc. No. 20. I required Plaintiff to serve the supplement on Geraldine Freeman at her last known address and on the personal representative of the Estate of Geraldine Freeman and any attorney of record for the Estate if a probate case was filed. *Id.* I extended the deadline for responses to the motion until October 8, 2018.

On September 14, 2018, Plaintiff filed an affidavit in which he averred that $1,500,000 of the final judgment against Defendant remains unpaid. Doc. No. 21, at 4. Plaintiff's counsel also represented that he conducted a search of (1) the public records of Seminole County, Florida, and (2) the online civil case database (including private cases) maintained by the Clerk of Court and Comptroller of Seminole County, Florida. *Id.* at 2. He represented that he was unable to locate any information to confirm that a probate case has been filed for the Estate of Geraldine Freeman and that he possesses no information regarding whether such a probate case has been filed. *Id.* Thus, he represented that he was unable to serve any documents on the personal representative of the Estate of Geraldine Freeman (if a personal representative has been duly appointed and is indeed serving in that capacity) or on any attorney of record for the Estate of Geraldine Freeman. *Id.* Plaintiff's response to the supplemental briefing order was served on Defendant and on Geraldine Freeman and her Estate at her last known address. *Id.* at 2-3.

On September 25, 2018, counsel entered an appearance on behalf of Defendant. Doc. No. 23. Nevertheless, as of the writing of this Report and Recommendation, Defendant's counsel had

not filed a response to the motion and the time for responding to Plaintiff's motion has expired. Accordingly, Plaintiff's motion is ripe for decision.

**II.     APPLICABLE LAW.**

Florida law governs the procedure for issuance and enforcement of writs of garnishment in this case.  *See* Fed. R. Civ. P. 69(a)(1).   Chapter 77 of the Florida Statutes prescribes the procedure for issuance and enforcement of writs of garnishment.

Florida Statutes § 77.06 provides that service of a writ "shall make garnishee liable for all debts due by him or her to defendant and for any tangible or intangible personal property of defendant in the garnishee's possession or control at the time of the service of the writ or at any time between the service and the time of the garnishee's answer."   Fla. Stat. § 77.06(1).

Once a plaintiff serves a writ of garnishment on a garnishee, the plaintiff must mail to an individual defendant the following: (1) a copy of the writ of garnishment; (2) a copy of a statutorily-required notice; and (3) a copy of the motion for writ of garnishment.   Fla. Stat. § 77.041(2).   The defendant has 20 days from receipt of the notice to file a claim of exemption and request a hearing. Fla. Stat. § 77.041(1).

Within five days after service of a garnishee's answer, the plaintiff is required to serve the defendant (and any other person disclosed by the garnishee's answer to have any ownership interest in the deposit) via mail a copy of the answer and a notice advising the defendant that he or she must move to dissolve the writ of garnishment within 20 days if any allegation in the plaintiff's motion for writ of garnishment is untrue.   Fla. Stat. § 77.055.   A plaintiff who is not satisfied with a garnishee's answer must serve a reply within 20 days denying the allegations of the answer and, if the plaintiff fails to file a reply, the answer shall be taken as true.   Fla. Stat. § 77.061.

Section 77.083 provides, "Judgment against the garnishee on the garnishee's answer . . . shall be entered for the amount of his or her liability as disclosed by the answer . . . ." It also provides that "[n]o judgment in excess of the amount remaining unpaid on the final judgment against the defendant or in excess of the amount of the liability of the garnishee to the defendant, whichever is less, shall be entered against the garnishee." *Id.*

### III. DISCUSSION.

Upon review of the record, and in the absence of objection from BOA, Defendant, Ms. Freeman or Ms. Freeman's Estate, I conclude that Plaintiff has complied with the statutory requirements for entry of judgment against BOA.

On June 27, 2018, after Plaintiff served the BOA Writ on BOA, he complied with Fla. Stat. § 77.041(2) by serving Defendant with a copy of the BOA Writ and a copy of the motion for writ of garnishment. Doc. No. 10. Defendant did not timely file a claim of exemption or request a hearing. On July 5, 2018, two days after BOA filed its answer, Plaintiff served Defendant with a copy of the answer and a notice advising him that he had 20 days to move to dissolve the writ of garnishment. Doc. No. 12. Likewise, on July 6, 2018, one day after BOA filed its amended answer, Plaintiff served Defendant with a copy of the amended answer and another notice advising him that he had 20 days to move to dissolve the writ of garnishment. Doc. No. 14. Plaintiff served Geraldine Freeman and the Estate of Geraldine Freeman with a copy of BOA's answer, a copy of BOA's amended answer, and a notice advising that she had 20 days to move to dissolve the writ of garnishment on August 8, 2018. This evidences compliance with Fla. Stat. § 77.055.[3]  Neither

---

[3] I recognize that notice was sent to Ms. Freeman and her estate more than 5 days after BOA filed its answer and amended answer. It appears that, where notice to an individual with an ownership interest in an account to be garnished is not provided, the appropriate remedy is to provide the required notice, not to disallow the garnishment. *See Beardsley v. Admiral Ins. Co.*, 647 So. 2d 327, 330 (Fla. 3d Dist. Ct. App. 1994) (reversing final judgment for compliance with statutory notice requirements after plaintiff failed to provide notice under § 77.055 to nondebtor with an ownership interest in the bank account to be garnished).

Defendant, Ms. Freeman, nor Ms. Freeman's estate moved to dissolve the writ. Likewise, no reply to BOA's answer or amended answer was filed within the 20-day period for doing so. Thus, pursuant to § 77.061, BOA's amended answer should be taken as true.

Because Plaintiff has satisfied the requirements of Chapter 77 of the Florida Statutes, I recommend that the Court conclude that Plaintiff is entitled to judgment against BOA in the amount of $4,637.79, which is the amount identified as subject to garnishment in BOA's amended answer. Doc. No. 13.[4]

## IV.  RECOMMENDATION.

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **GRANT** Plaintiff's Amended Motion for Final Judgment Against Garnishee, Bank of America, N.A. (Doc. No. 19), and **ENTER** final judgment in favor of Plaintiff Phillip S. Stenger and against Garnishee Bank of America, N.A., in the amount of $4,637.79.

---

Regardless, no objections have been filed suggesting that the delay in providing notice to Ms. Freeman and her estate should prevent entry of final judgment against BOA. In the absence of such objection, I recommend that the Court conclude that Plaintiff sufficiently complied with the notice requirements of § 77.055.

[4] Plaintiff filed evidence establishing that $1,500,000 of the $1,500,000 judgment against Defendant is unpaid. Doc. No. 21, at 4. Thus, entering a judgment for $4,637.79 comports with § 77.083. In addition, Plaintiff's counsel represents that Plaintiff mailed BOA's counsel the $100 payment required by Fla. Stat. § 77.28. Thus, Plaintiff requests that BOA be required to remit the entire sum subject to garnishment as reflected in BOA's amended answer. Doc. No. 19, at 4 n.3. BOA has not objected to this characterization or the request to remit the entire amount of the funds subject to garnishment as reflected in BOA's amended answer. Accordingly, this is the amount I recommend the Court use for the final judgment.

The **Clerk of Court** is **DIRECTED** to mail a copy of this Report and Recommendation to Geraldine Freeman and the Estate of Geraldine Freeman at 950 Beresford Way, Lake Mary, FL 32746.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on October 11, 2018.

           *Karla R. Spaulding*
           KARLA R. SPAULDING
           UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy